IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL ROBERT QUEEN, JR., | : |
| Petitioner | : |
| | : No. 4: 07-CV-1844 |
| v. | : |
| | : (Judge Jones) |
| R. MARTINEZ, WARDEN, | : |
| Respondent | : |

**MEMORANDUM**

May 1⌒, 2008

Before the Court is Petitioner Samuel Robert Queen, Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the petition will be dismissed.

I. **BACKGROUND**

Queen alleges that while previously confined at the United States Penitentiary, Leavenworth, Kansas his due process rights were violated during inmate disciplinary proceedings. Queen states that on January 3, 2005, Hearing Examiner Steven Lacy found him guilty, in disciplinary case no. 1294960, of threatening another with bodily harm, refusing to obey an order, and insolence. (Doc. 1 at 2.) As a result of the finding of guilt included the extension of his sentence by fifty-five (55) days. (*Id.* at 2-3.)

1

Queen challenges the constitutionality of the disciplinary proceeding on the grounds that: (1) he was not provided with an initial hearing or a copy of the "fact finding decision"; (2) he was not given sufficient advance notice of the misconduct charges; (3) the charges were both fabricated in retaliation for his initiation of institutional grievances; (4) he was denied the opportunity to call witnesses and to submit a written response with documentary evidence; (5) the disciplinary hearing was not conducted by an impartial fact finder; (6) prison officials prevented him from receiving a copy of the fact finding decision by "altering" it with an illegible signature; and (7) the disciplinary hearing failed to comply with the Supreme Court's decision in *Wolff v. McDonnell*. (*Id.* at 3-4.) Queen also generally alleges that prison officials violated the United States Constitution and that the disciplinary program is unconstitutional. (*Id.* at 4.) As relief, Queen requests that the findings of guilt be expunged and that his good time credits be restored.

Respondent argues that the petition should be dismissed as a second or successive petition because Queen's allegations were previously raised in a an unsuccessful habeas petition before the United States District Court for the District of Kansas, *Queen v. Nalley*, 2007 WL 316984 (D. Kan. Jan. 30, 2007),

*aff'd Queen v. Nalley*, 250 Fed. Appx. 895 (10th Cir. Oct. 12, 2007), *cert. denied*, 2008 WL 548779 (April 21, 2008).[1] (Doc. 10.)

## II. DISCUSSION

It is undisputed that Queen filed a prior § 2241 petition regrading his present allegations with the District of Kansas, that this petition was denied, and that the district court's affirmed by the Court of Appeals for the Tenth Circuit.

The pertinent authority for dismissing second or successive habeas corpus petitions is found in 28 U.S.C. § 2244(a), which provides in relevant part:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.[2, 3]

---

[1] Queen's District of Kansas § 2241 petition concerned two disciplinary decisions: Case No. 1294960, which is the subject of the present matter, and Case No. 1293999, which Queen recently challenged in another habeas action before this Court, *Queen v. Miner*, No.07-cv-1679 (M.D. Pa. Dec 3, 2007), that was similarly dismissed as a second or successive petition.

[2] Courts have consistently held that the substantive provisions of § 2244 are applicable to § 2241 petitions brought by federal prisoners. *See, e.g., Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998); *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997); *Byrd v. Gillis*, 1997 WL 698157, at *1 (E.D. Pa. 1997).

[3] Section 2255(h) provides:
    A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
(1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Queen has not received permission from the any court of appeals to bring his second or successive petition.

The District of Kansas dismissed Queen's petition for lack of jurisdiction because, at the time of its filing, Queen was incarcerated in Illinois, and was required to file the petition in the district of his incarceration. *Queen*, 2007 WL 316984 at *1. In determining whether transfer to the petitioner to the proper district, however, the court also took a "quick look" at the merits of Queen's claims "to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Id.* (quoting *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000)). The court determined that a transfer was not warranted because Queen had failed to properly exhaust his administrative appeals from the disciplinary actions and because "it is clear the petitioner was afforded due process in the underlying disciplinary actions." *Id.* at *1-2.

> The Tenth Circuit in affirming the dismissal of Queen's petition stated:
>
> The district court determined that Mr. Queen had been afforded the due process required by *Wolff v. McDonnell*, 418 U.S. 539, 563-66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), in his two disciplinary hearings. It found that Mr. Queen had received written notice of the charges more than 24 hours before the hearing, that he had had an opportunity to present witnesses and evidence, that he had received written statements of the evidence relied on and reasons for the disciplinary action, and that there was "some evidence" to support the *897 hearing examiner's decision. *Queen v. Nalley*, 2007 WL 316984, at *2 (D.Kan. Jan. 30, 2007) (unpublished). The district court's careful consideration of Mr. Queen's claims-more than a "quick look" - makes it clear that there was no abuse of discretion in declining to transfer the action.

4

*Queen*, 250 Fed. Appx. at 896-97.

It is thus clear that the claims contained in the instant petition for writ of habeas corpus are the same or similar to those previously presented to and rejected by both the District of Kansas and the Tenth Circuit Court of Appeals via Queen's prior § 2241 action. Queen's current action is thus a second or successive petition and will be dismissed pursuant to 28 U.S.C. § 2244(a). An appropriate order will enter.